UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

IAN M. QUARMBY,

       Plaintiff,

   v.

REXON INDUSTRIAL CORPORATION
LTD., *et al.*,

       Defendants.

———————————————————

    21-CV-671-LJV-JJM
    DECISION & ORDER

      On February 3, 2021, the plaintiff, Ian M. Quarmby, commenced this action in New York State Supreme Court, Niagara County. Docket Item 1-2. Quarmby alleges that he suffered severe injuries to his hand while operating a table saw manufactured by defendant Rexon Industrial Corporation Ltd. ("Rexon"). *Id.*

      On May 25, 2021, the defendants removed the case to this Court.[1] Docket Item 1. About three months later, Rexon moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2).[2] Docket Item 13. Quarmby responded to that motion on January 21, 2022, Docket Item 22, and Rexon replied on February 16, 2022, Docket

---

    [1] In addition to Rexon Industrial Corporation Ltd., Quarmby also named Rexon Corporation as a defendant. Docket Item 1-2. The parties agree that Rexon Corporation is not a proper defendant to this case, *see* Docket Item 44 at 1 n.3, and this Court therefore deems any claims against Rexon Corporation to be abandoned and dismisses those claims.

    [2] Rexon also moved for dismissal under Federal Rule of Civil Procedure 12(b)(5). Docket Item 13. At oral argument before Judge McCarthy, Rexon confirmed that it no longer sought dismissal on that ground. *See* Docket Item 44 at 1 n.2.

Item 29.  In the meantime, the parties conducted jurisdictional discovery.  *See* Docket

Item 19.

After the motion was "deemed withdrawn" for several months so that the parties

could pursue settlement negotiations, *see* Docket Item 37, on August 24, 2022, it was

"deemed reinstated" and "taken under advisement without additional briefing," *see*

Docket Item 43.  About three months later, United States Magistrate Judge Jeremiah J.

McCarthy, to whom this case was referred under 28 U.S.C. § 636(b)(1)(A) and (B),

issued a Report and Recommendation ("R&R") finding that Rexon's motion to dismiss

under Rule 12(b)(2) should be granted.  Docket Item 44.  The parties did not object to

the R&R, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of

a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must

review *de novo* those portions of a magistrate judge's recommendation to which a party

objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636

nor Federal Rule of Civil Procedure 72 requires a district court to review the

recommendation of a magistrate judge to which no objections are raised.  *See Thomas*

*v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has

reviewed Judge McCarthy's R&R, as well as the parties' submissions to him.  Based on

that review and the absence of any objections, the Court accepts and adopts Judge

McCarthy's recommendation to grant Rexon's motion to dismiss.

For the reasons stated above and in the R&R, Rexon's motion to dismiss, Docket Item 13, is GRANTED.  The Clerk of the Court shall close the case.


SO ORDERED.

Dated:       December 19, 2022
             Buffalo, New York


                                        /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE